UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRENDA PABLO CONTRERAS,

    Plaintiff,

v.                                                     Case No.:  2:23-cv-208-SPC-NPM

WALMART STORES EAST, LP
and GEORGE GALLOWAY, JR.,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Brenda Pablo Contreras' Motion to Remand (Doc. 14), along with Defendant Walmart Stores East, LP's opposition (Doc. 18). For the below reasons, the Court denies the motion.

This is a slip and fall case. Plaintiff alleges Walmart and its store manager, George Galloway, Jr., knew (or should have known) about a dangerous liquid condition, should have safely maintained the premises, and should have warned her. Plaintiff sued for negligence on November 7, 2022. Two months later, she filed the Amended Complaint that identified Galloway as the store manager (although he has yet to be served). (Doc. 4). Another

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

month passed until Plaintiff admitted that she is seeking more than $75,000 in damages. Twenty-nine days later, Walmart removed the action based on diversity jurisdiction. (Doc. 1). Plaintiff now moves to remand.

A defendant may generally remove an action from state court to federal court if the case could have been brought in federal court in the first instance. 28 U.S.C § 1441(a)–(b); 28 U.S.C. § 1446(a). Put simply, a case is removable if there is federal jurisdiction. And district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332. There is also a timing element to removal. If the initial pleading has enough information to indicate federal jurisdiction exists, a notice of removal must be filed "within 30 days after the receipt by the defendant" of the pleading. 28 U.S.C. § 1446(b)(1). And,

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). (emphasis added).

Plaintiff's first argument focuses on timing. She claims her pre-suit demand letter, which was given to Walmart months before suit, makes removal untimely. Plaintiff is wrong. As outlined above, where an initial pleading does

not provide for federal jurisdiction (as here), the 30-day removal limit is only triggered after the defendant receives an "other paper." 28 U.S.C. § 1446(b)(3). And this "other paper" must be received *after* the complaint is filed. This is because § 1446 generally prevents prelitigation documents given to a defendant from qualifying as "other papers" to trigger the 30-day removal limit. See *Clark v. Unum Life Ins. Co. of Am.*, 95 F. Supp. 3d 1335, 1354-55 (M.D. Fla. 2015) (collecting cases). In other words, pre-suit demand letters, and other documents received by defendants before a pleading, cannot trigger the 30-day removal limit under § 1446(b)(3). *Id.* Giving the statute, Plaintiff's preferred reading would result in the remarkable conclusion that the 30-day removal limit was triggered before her suit's inception. But it is obvious a case cannot be removed before it has even been filed. So, the Court declines to read the statute to produce such an odd result. See *Dewsnup v. Timm*, 502 U.S. 410, 427 (1992) (stating courts should generally avoid construing statutes "in a way that produces . . . absurd results" or legal impossibilities).

This all means the 30-day removal limit was triggered once Walmart received Plaintiff's admission on damages. (Doc. 14-1 at 16). At that point, it was ascertainable to Walmart that the case was removable. And 29 days later, Walmart filed the Notice of Removal. Removal was thus timely.

Plaintiff's second argument focuses on diversity. She claims the parties are not diverse because Galloway, the store manager, is a Florida resident like

her. Walmart responds that Plaintiff has fraudulently joined Galloway, so the Court must disregard his citizenship. (Doc. 18 at 7).

A defendant seeking to establish fraudulent joinder must show by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citation omitted). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003). The procedure for resolving a fraudulent joinder claim is like the procedure used for deciding a Rule 56 summary judgment motion—the court must resolve all questions of fact for the plaintiff. *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005).

Under Florida law, a store manager is not liable for negligence "simply because of his general administrative responsibility for the performance of some function of his employment—he or she must be actively negligent." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005) (citing *McElveen v. Peeler*, 544 So. 2d 270, 271-72 (Fla. Dist. Ct. App. 1989)). To maintain a claim against a store manager, a plaintiff must "allege and prove that the [store manager] owed a duty to the [plaintiff], and that the duty was

breached through personal (as opposed to technical or vicarious) fault." *Id.* at 272.

The Amended Complaint does not sufficiently allege that Galloway was actively negligent. It offers boilerplate allegations about his negligence that are nothing but bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Amended Complaint says that Galloway was the manager of the Walmart store when Plaintiff fell and thus "had exclusive dominion, possession, control and the responsibility to inspect and maintain the premises." (Doc. 4 at 3). It also lists possible theories of negligence with no factual support. It merely faults Galloway with "failing to maintain the common area in a safe and proper condition," not taking "steps to warn the Plaintiff of the existence of the dangerous condition," and knowing (or should have known about "the existence of the condition dangerous." (Doc. 4 at 3-4). But nowhere does the Amended Complaint offer actual, factually supported allegations that Galloway was "personally liable" and "actively negligent" in relation to Plaintiff's fall. See *Petigny v. Wal-Mart Stores E., L.P.,* No. 18-23762-CIV, 2018 WL 5983506, at *4 (S.D. Fla. Nov. 13, 2018) (finding that the complaint was insufficient because "[p]laintiff does not allege facts showing that [the store manager] caused grapes to be on the floor, was told the grapes were on the floor, knew or should have known about the grapes being on the

5

floor, or was in the area of Plaintiff's incident prior to same in order to correct it").

Even giving Plaintiff every reasonable benefit, her pleading has not alleged that Galloway actively participated in any tort. Instead, this case "appears to be a run of the mill slip and fall case in which the store manager individually has no liability." *Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-cv-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018) (finding that fraudulent joinder of the store manager when the allegations were "not specific and direct; rather, they are conclusory" and the plaintiff "has provided no facts demonstrating that [the store manager] played any role in [plaintiff's] injuries"). Given this, Plaintiff's claims against Galloway would likely fail even if the Court let them move forward. *See Wade v. Dolgencorp, LLC,* No. 8:09-cv-01470-T-24-EAJ, 2009 WL 8630725, at *4 (M.D. Fla. Oct. 14, 2009) ("[A]ny potential prejudice is significantly lessened by the existence of the very high probability that Plaintiffs have no colorable claim against [the store manager] under Florida law"). The Court thus finds that Galloway was fraudulently joined and will dismiss him from this action. That conclusion leaves the remaining parties to be diverse for subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Brenda Pablo Contreras' Motion to Remand (Doc. 14) is **DENIED**.

2. The Court **DISMISSES** Defendant George Galloway, Jr. from this action.

**DONE** and **ORDERED** in Fort Myers, Florida on May 31, 2023.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record